BOUTALL, Judge,
dissenting in part.
I dissent from that portion of the opinion dealing with the third-party demand of Schaefer against Roy, and I would affirm the judgment of the trial court.
In the agreement of October 1, 1971, Roy agreed to secure a complete release of liability of Schaefer for personal endorsements of three “mortgages”, one being the subject obligation to the First National Bank of Jefferson, although it is not actually a mortgage. Additionally, he agreed to cause Louisiana Purchase Corporation to issue to Schaefer a hold harmless agreement concerning another liability of endorsement, and to cause the corporation to issue to Schaefer a promissory note as additional payment. In return, Schaefer agreed to deliver to Roy “without additional payment or consideration other than listed above, any and all shares he may own in the Louisiana Purchase Corp. if any have been issued to him.” Schaefer also agreed that the proxy rights to vote the shares of W. T. Campbell previously granted him in an agreement dated March 1, 1971, are can-celled and of no further force or effect. Both parties agree that the purpose of this agreement was to have Schaefer transfer all of his stock and voting rights over to Roy and permit Roy to get Campbell’s proxy rights in order that Roy might have complete voting control over the corporation and its activities. To put it succinctly, prior to the time of the agreement the corporate affairs had been run by Schaefer; he had failed to make a success of it, and now Roy was to take over completely and hopefully make a success of the corporate venture.
Roy was successful in removing the liability of Schaefer from most of the debts, however he was unable to persuade the First National Bank to release Schaefer from liability under the guaranty. Roy contends that the agreement never came into force and effect for lack of consideration, and that Schaefer never transferred to Roy his shares of stock. There is a direct conflict in testimony about whether the transfer took place, and the trial judge resolved this conflict by a credibility evaluation in which he chose the testimony of Schaefer over that of Roy. His decision is supported by the record.
The evidence shows that coincident with the confection of the agreement of October 1, Schaefer resigned as President and Director of the Corporation, and that Roy and his associate took over complete control of the corporation and operated it for a number of months. During all of this period there was no complaint from Roy that he did not have control of the stock formerly held by Schaefer. It was not until after Roy’s attempt to rehabilitate the corporation finally failed that any dispute arose between these parties as to their respective positions under the agreement. Simply put, the record reflects that Schaefer carried out all of the obligations imposed upon him under the contract, but that Roy, although he exerted great effort, was not able to carry out all of his obligations, and more particularly, has failed to secure the release of Schaefer’s liability under the promissory note sued upon herein.
The situation is covered by the provisions of LSA-C.C. Art. 1889:
“Art. 1889. Stipulations purporting to bind third persons
“Art. 1889. No one can, by a contract in his own name, bind any one but himself or his representatives; but he may contract, in his own name, that another shall ratify or perform the stipulation which he makes, and in this case he shall be liable in damages, if the contract be not ratified or performed by the person for whose act he stipulates.”
The trial judge granted damages in the same amount that Schaefer was required to pay to the bank, in effect indemnity. Because of the facts in this case such damages have a reasonable basis, that is: Roy’s subsequent operation of the corporation resulted in the corporation’s failure to pay its obligation to the bank, and Roy’s failure to remove Schaefer’s liability as endorser of *355 the obligation caused Schaefer to pay that amount and damages him to that extent. Accordingly I would affirm the judgment of the trial court.